IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 10-00268-01-CR-W-DGK |
| | ) | |
| STEVEN RAY WALLS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the court is a motion to dismiss the indictment, filed by defendant Steven Ray Walls, on the grounds that (1) defendant had no notice and therefore no duty to register under the Sex Offender Registration and Notification Act (SORNA), (2) Congress improperly delegated its legislative function to the Attorney General, and (3) SORNA rules were ineffective until January 28, 2011 and therefore did not apply at time of defendant's alleged offense. I find that the defendant had sufficient notice, that there is no Ex Post Facto Clause violation, that SORNA was properly delegated to the Attorney General, and that SORNA was effective at the time of the defendant's alleged violation. Therefore, defendant's motion should be denied.

I.      BACKGROUND

On June 26, 1995, the defendant was convicted in Kansas of Attempted Aggravated Sexual Battery.  As a result of this conviction, the state of Kansas required the defendant to register as a sex offender.  The defendant was convicted three times by Kansas courts for violations of the Kansas Offender Registration Act.

In December 2009, the defendant's Kansas probation officer unsuccessfully attempted to visit defendant at defendant's home in Kansas City, Kansas. Wyandotte County authorities contacted the U.S. Marshals for assistance in locating defendant, who was thought to be

1

residing in Kansas City, Missouri. On July 13, 2010, the defendant was arrested in Kansas City, Missouri. On September 30, 2010, the defendant was indicted in the Western District of Missouri for failure to register from on or about January 27, 2009 to July 13, 2010 as required by SORNA and in violation of 18 U.S.C. § 2250(a).

On October 19, 2011, defendant entered a guilty plea to the single count of the indictment. On January 23, 2012, before defendant was sentenced, the United States Supreme Court issued its opinion in <u>Reynolds v. United States</u>, 132 S. Ct. 975 (2012) allowing pre-Act offenders (those whose sex offender convictions occurred prior to the effective date of SORNA) to challenge SORNA's application to them. On April 17, 2012, the District Court of Western Missouri granted defendant's request to withdraw his guilty plea. Subsequently defendant filed his Motion to Dismiss Indictment.

II.     STATUTE

Defendant was charged under Title 18 United States Code Section 2250(a) which states in relevant part as follows:

(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

III.    THE INDICTMENT

Case 4:10-cr-00268-DGK   Document 34   Filed 07/20/12   Page 2 of 9

The indictment reads as follows:

Failure to Register as a Sex Offender

Beginning at a date uncertain, but on or about January 27, 2009 and continuing through July 13, 2010, in the Western District of Missouri and elsewhere, Steven Ray Walls, defendant herein, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of convictions under the law of Kansas, traveled in interstate commerce, and did knowingly fail to update his registration; in violation of Title 18, United States Code, Section 2250(a).

IV.     NOTICE

Defendant asserts that because he had no notice of SORNA's registration requirement, he had no duty to register. This issue has already been ruled on by the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit's decision in United States v. Baccam forecloses defendant's claim that neither constitutional due process notice requirements nor statute specific notice requirements were met. 562 F.3d 1197, 1999, 1200 (8th Cir. 2009).

The defendant in Baccam, like here, was a pre-Act sex offender. In 1996, Baccam was convicted in California of a crime requiring lifetime registration as a sex offender. Baccam, 527 F.3d at 1197. Baccam signed forms in 1999 and 2003 that enumerated the California registration requirements. In 2005, after being arrested in California for failure to update his registration, Baccam again signed a form acknowledging the California requirement to register. Id. at 1198. In 2007, Baccam moved from California to Arkansas, but failed to register as a sex offender. Id. at 1198. Baccam claimed he was never informed of his duty to register under SORNA. Id. at 1199.

Baccam claimed that the failure to notify him of his specific duty under SORNA violated due process notice requirements as well as SORNA specific notice requirements. The Baccam court held that due process notice requirements were met "when the defendant . . . received notice of state law registration requirements." Id. (applying United States v. May, 535 F.3d

3

912 (8th Cir. 2008) *abrogated on other grounds by* <u>United States v. Reynolds</u>, 132 S. Ct. 975 (2012)). As for the SORNA specific notice requirements, the <u>Baccam</u> court held the state court registration forms provided adequate notice even if the state notice did not explain the federal consequences of a failure to register. <u>Id.</u> at 1200.

The defendant here has very similar circumstances to the defendant in <u>Baccam</u>. Walls was required by the state of Kansas to register as a sex offender. He had pled guilty in Kansas for failing to meet the State's sex offender requirements on three separate occasions – his guilty pleas tendered on September 20, 2000, March 12, 2004, and March 23, 2009.[1] These pleas and their resulting convictions provided Walls with adequate notice of the Kansas registration requirement.

Based on the above, I find the defendant had notice of the Kansas sex offender registration requirements and received adequate notice of the sex offender registration requirements to satisfy due process and SORNA. Therefore, his motion to dismiss should be denied on that basis.

V.     EX POST FACTO

Within defendant's first argument on notice in his Motion to Dismiss Indictment, defendant also claims that punishing him for failing to register under SORNA violates the Ex Post Facto Clause of the Constitution. Again, the Eighth Circuit's previous rulings have foreclosed this argument.

In <u>United States v. May</u>, the Court found that the application of SORNA registration requirements to a pre-Act offender was not punishment for a pre-existing crime and did not violate the Ex Post Facto Clause. 535 F.3d at 919-20. In analyzing the issue, the <u>May</u> court first looked at Congressional intent and determined Congress created the SORNA registration

---

[1] Presentence Investigation Report, pg. 9 (document no. 22).

requirements as a civil procedure for public safety and not to punish sex offenders. Id. Next the Court considered whether the "statutory scheme is so punitive that it negates Congress's intention to deem the act civil." Id. at 920. The Court found that Section 2250 punishes a sex offender who fails to register when traveling in interstate commerce. Id. The status as a sex offender may be created prior to enactment of SORNA, but punishment only results from traveling in interstate commerce and failing to register after the enactment of SORNA. Id. Thus, prosecuting pre-Act offenders is not punishment for a pre-existing crime and does not violate the ex post facto clause. Id.

Here, defendant's status as a sex offender came from a pre-Act conviction in 1995, but his conduct triggering application of Section 2250, traveling in interstate commerce and failing to register, occurred post-Act in 2009.

Based on the above, I find imposing punishment on defendant for crossing into Missouri and failing to notify Kansas or Missouri of his sex offender status does not impose punishment for a pre-existing crime. Therefore, the Ex Post Facto Clause of the Constitution is not violated and the defendant's motion to dismiss should be denied on that basis.

VI.     DELEGATION

Defendant asserts that Congress improperly delegated its legislative function to the Attorney General in violation of the nondelegation doctrine. The language delegating authority to the Attorney General comes from Title 42 United States Code Section 16913(d) which reads as follows:

> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section. 42 U.S.C. § 16913(d).

Case 4:10-cr-00268-DGK   Document 34   Filed 07/20/12   Page 5 of 9

The non-delegation doctrine stems from Article I Section 1 of the United States Constitution, which states, "All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and a House of Representatives." U.S. Const. art. I, § 1. The long-standing guidance on Congressional delegation of authority to other branches of government is that Congress must provide an "intelligible principle" that guides the delegated authority. Mistretta v. United States, 488 U.S. 361, 372 (1989) (citing J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 406 (1928)). It is "sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Id. at 372-73.

The delegation to the Attorney General here meets these requirements and is constitutionally sufficient. The clearly delineated general policy requirement was met when Congress stated it created a "comprehensive national system" for sex offender registration "[i]n order to protect the public from sex offenders and offenders against children . . . ." 42 U.S.C. § 16901; United States v. Ambert, 561 F.3d 1202, 1213 (11th Cir. 2009). The Department of Justice is clearly indicated as the applicable agency and thus the second requirement is met. Finally, the authority is clearly bounded. United States v. Felts, 673 F3d 599, 606 (6th Cir. 2012); United States v. Guzman, 591 F.3d 83, 93 (2d Cir. 2010); Ambert, 561 F.3d at 1213.

> Congress defined the crimes which necessitate registration (42 U.S.C. § 16911); where the offender must register (42 U.S.C. § 16913(a)); the time period for registration (42 U.S.C. § 16913(b)); the method of registration (42 U.S.C. § 16913(b),(c)); the nature of information that registrants must provide (42 U.S.C. § 16914(a)(1)-(7)); the elements of the new federal crime (18 U.S.C. § 2250(a)); and the penalty for violation (18 U.S.C. § 2250(a)). Ambert, 561 F.3d at 1214.

6

Based on the above, I find that Congress's delegation of authority to the Attorney General in 42 U.S.C § 16913(d) was not a violation of the non-delegation doctrine. Therefore, the defendant's motion to dismiss should be denied on that basis.

## VII.    EFFECTIVE DATE OF ACT

Defendant asserts SORNA did not apply to him at the time of his alleged offense. On February 28, 2007, the Attorney General issued an Interim Rule that retroactively applied SORNA registration rules to pre-Act offenders and declared it effective immediately. 72 Fed. Reg. 8894. On May 30, 2007, the Attorney General issued proposed guidelines (known as SMART Guidelines) to implement SORNA registration rules to pre-Act offenders. 72 Fed. Reg. 30210. On July 2, 2008, the Attorney General issued final SMART Guidelines that retroactively applied SORNA registration rules to pre-Act offenders and declared it effective immediately. 73 Fed. Reg. 38030. On December 29, 2010, the Attorney General issued a Final Rule, with an effective date of January 28, 2011, that retroactively applied SORNA registration rules to pre-Act offenders. 75 Fed. Reg. 81849.  The significant dates in SORNA rules and the defendant's history are listed below:

| Date | Event | Citation |
|---|---|---|
| June 26, 1995 | Defendant convicted of Attempted Aggravated Sexual Battery | |
| July 27, 2006 | SORNA enacted | 42 U.S.C. §§ 16901–16962 18 U.S.C. § 2250 |
| Feb. 28, 2007 | AG Interim Rule | 72 Fed. Reg. 8894 |
| May 30, 2007 | AG Proposed SMART Guidelines | 72 Fed. Reg. 30210 |
| Jul. 2, 2008 | AG Final SMART Guidelines | 73 Fed. Reg. 38030 |
| Aug. 1, 2008 | Effective Date of Final SMART Guidelines | United States v. Stevenson, 676 F.3d 557, 561 (6th Cir. 2012). |
| Jan. 27, 2009 | Time period within which Defendant is | |

7

| – July 13, 2010 | charged for Failure to Register as a Sex Offender | |
|---|---|---|
| Dec. 29, 2010 | AG Final Rule | 75 Fed. Reg.81850 |
| Jan. 28, 2011 | Effective date of Final Rule | 75 Fed. Reg.81850 |

The Administrative Procedure Act (APA) requires that a proposed rule be published for thirty (30) days prior to its effective date unless the proposing agency finds good cause. 5 U.S.C. § 553. The government and the defendant agree that SORNA's retroactive rules were effective by January 28, 2011—the effective date of the Final Rule. The government argues the SORNA rules were effective upon the promulgation of the Interim Rule on Feb 28, 2007, but, if not, then at the very latest the SORNA rules became retroactive to pre-Act offenders on August 1, 2008—thirty days after the Final SMART Guidelines were published.

I agree that by August 1, 2008 the SORNA rules were retroactive to pre-Act offenders. The Attorney General published the Final Smart Guidelines on July 2, 2008. Thirty days from that is August 1, 2008. This meets the notice and publication requirement of the APA. The defendant cites United States v. Springer for the premise that proposed regulations do not carry the force of law. 354 F.3d 772, 776 (8th Cir. 2004). Here, because the Final SMART Guidelines were not proposed regulations but final, Springer does not apply. Since August 1, 2008 is prior to the defendant's alleged violation of SORNA, it is unnecessary to determine if the SORNA rules were effective before that date.

Based on the above, I find that SORNA sex offender registration rules applied at the time of the defendant's alleged offense. Therefore, the defendant's motion to dismiss should be denied on that basis.

VIII.    CONCLUSION

8

Because the defendant had sufficient notice to meet the requirements of due process and SORNA, because application of SORNA to the defendant does not violate the Ex Post Facto Clause of the Constitution, because SORNA was properly delegated to the Attorney General, and because the rules applying SORNA to the defendant met the requirements of the APA it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss indictment.

Counsel are advised that pursuant to 28 USC § 636(b)(1) each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections.


      /s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 20, 2012

Case 4:10-cr-00268-DGK   Document 34   Filed 07/20/12   Page 9 of 9